**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Josue MICHEL, Defendant–Appellant.**

No. 12–50285.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 3, 2013.

Filed July 18, 2013.

Bruce R. Castetter, Assistant U.S., Mark R. Rehe, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Benjamin P. Davis, Assistant Federal Public Defender, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

**780**

Before: TROTT and W. FLETCHER, Circuit Judges, and STEIN, District Judge.*

MEMORANDUM **

Defendant Josue Michel appeals from the district court's denial of his motion to dismiss under 8 U.S.C. § 1326(d). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

The government has the burden to prove an alien is removable by "clear and convincing evidence." *Estrada v. INS,* 775 F.2d 1018, 1020 (9th Cir.1985). "[A]n alien's concession of removability or admission of facts establishing removability, if accepted by the [Immigration Judge], completely 'relieves the government of the burden of producing evidence.' " *Pagayon v. Holder,* 675 F.3d 1182, 1189 (9th Cir. 2011) (per curiam) (alteration omitted) (quoting *Perez–Mejia v. Holder,* 663 F.3d 403, 416 (9th Cir.2011)). But an alien's concession of removability may not prevent a later challenge to the removal order if the concession was legally erroneous. *Perez–Mejia,* 663 F.3d at 416–17.

Here, Michel conceded during the "pleading stage" of his removal hearing that he was removable on both grounds listed in the Notice to Appear. *See id.* at 414 (citing 8 C.F.R. § 1240.10(c)). Because Michel's concessions were legally correct, at least as to the aggravated felony ground, the government was relieved of its burden of producing evidence. *See id.* at 415; *Pagayon,* 675 F.3d at 1189. The

* The Honorable Sidney H. Stein, District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Immigration Judge accepted Michel's concessions and found him removable. As a result, Michel cannot demonstrate that the entry of his removal order was "fundamentally unfair" as required under § 1326(d)(3).

**AFFIRMED.**